Nadine Lewis, Esq., SBN 179979
Nadine Lewis, Attorney at Law
1305 Pico Boulevard
Santa Monica, California 90405
Office Telephone: 424.228.5109
Email: nadine@nadineesq.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COALITION FOR MEN, a 501(c)(3) non-profit organization, TYLER MCNAMARA, an individual, CONOR MCKIERNAN, an individual, NICHOLAS MILILLO, an individual, NICOLAS MENDIOLA, an individual, and JORDAN FALCON, an individual, *Plaintiffs,*<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM; JOEL C. SPANGENBERG, as acting Director of SELECTIVE SERVICE SYSTEM; and DOES 1-50, inclusive, *Defendants.* | Case No. 2:24-CV-4016<br><br>Hon. André Birotte, Jr.<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   September 27, 2024<br>Time:  10:00 AM<br>Ctrm.:  7B |

1

CASE NO. 2:24-CV-4016
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

Page

COVER PAGE ..................................................................................................... 1

TABLE OF CONTENTS ..................................................................................... 2

TABLE OF AUTHORITIES ................................................................................ 3

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 5

   I.   PRELIMINARY STATEMENT ............................................................. 5

   II.   STANDARD OF REVIEW ..................................................................... 7

       Motion To Dismiss Under FRCP, Rule 12(b)(6) ................................. 7

   III.   THIS COURT SHOULD DENY DEFENDANTS' MOTION IN ITS ENTIRETY .................................................................................... 8

       A.   PLAINTIFFS' CLAIMS ARE NOT FORECLOSED BY ROSTKER ......... 9

       B.   The Complaint sufficiently states the injuries suffered by the individual plaintiffs McNamara, McKiernan, Milillo, Mendiola, and Falcon ........................................................................................ 10

       C.   NCFM Has Organizational Standing ........................................... 12

   IV.   CONCLUSION ..................................................................................... 14

CERTIFICATE OF COMPLIANCE .................................................................. 16

CERTIFICATE OF SERVICE ........................................................................... 17

# Table of Authorities

Page

**Cases:**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ............................................................................................ 7

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ............................................................................................ 7

*Broam v. Bogan*
  320 F.3d 1023 (9th Cir. 2003) .......................................................................... 15

*Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*
  No. SACV 15–0736-DOC (DFMx)
  2016 WL 6892140 (C.D. Cal. Nov. 22, 2016) .................................................... 8

*Friends, of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*
  528 U.S. 167 (2000) .......................................................................................... 10

*Funeral Consumers All., Inc. v. Serv. Corp. Int'l*
  695 F.3d 330 (5th Cir. 2012) ............................................................................ 12

*Gilligan v. Jamco Dev. Corp.*
  108 F.3d 246 (9th Cir. 1997) .............................................................................. 8

*Goldberg v. Rostker*
  509 F. Supp. 586 (E.D. Pa. 1980) .................................................................... 12

*Hishon v. King Spalding*
  467 U.S. 69 (1984) .............................................................................................. 8

*Hunt v. Washington Apple Adver. Comm'n*
  432 U.S. 333 (1977) .......................................................................................... 12

*Nat'l Council of La Raza v. Chegavske*
  800 F.3d 1032 (9th Cir. 2015) .......................................................................... 15

*Orr v. Orr*
  440 U.S. 268 (1979) .......................................................................................... 11

*Rostker*
  453 U.S. 67 (1981) .............................................................................................. 9

*Skilstaf, Inc. v. CVS Caremark Corp.*
  669 F.3d 1005 (9th Cir. 2012) ............................................................................ 7

**Statutes:**

10 U.S.C. § 6015 ............................................................................................... 5, 9

**Court Rules:**

Fed. R. Civ. P. 8 ..................................................................................................... 7

Fed. R. Civ. P. 12 ................................................................................................. 15

**Other:**

Pub. L. No. 102-No. 19–202723 190, § 531, 105 Stat. 1290, 1365 (1991) ................. 9

Pub. L. No. 103–160, § 541, 107 Stat. 1547, 1659 (1993) .......................................... 9

4

CASE NO. 2:24-CV-4016
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO TO DEFENDANTS' MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

To further its mission, in 2017, the National Coalition for Men (hereinafter referred to as "NCFM") filed a similar matter in this court. It is the position of Plaintiff NCFM along with the individual Plaintiffs, TYLER MCNAMARA, CONOR MCKIERNAN, NICHOLAS MILILLO, NICOLAS MENDIOLA, and JORDAN FALCON, (who are also members of NCFM) that male-only registration for the draft is sex-based discrimination forbidden by the Equal Protection Clause. This discriminatory law relegates an entire class of citizens, men, to inferior legal status without regard to the fact that they may potentially lose life or limb if called to war; all the while denigrating capabilities of an entire class of citizens, women, who currently serve in all military positions, from generals to combat roles.

In 1981, Justice Thurgood Marshall, the first civil rights lawyer to sit on the Supreme Court bench, called male-only registration "one of the most potent remaining expressions of ancient canards about the proper role of women."

Much has changed since Justice Marshal made that statement. In the early 1990s Congress repealed the statutory ban on women serving on combat aircraft and ships. Pub. L. No. 103–160, § 541, 107 Stat. 1547, 1659 (1993), repealing 10 U.S.C. § 6015 (1988) (ships), Pub. L. No. 102- No. 19–202723 190 § 531, 105 Stat. 1290, 1365 (1991) (aircraft). In its pursuit to end discrimination on the basis of sex within the

5

CASE NO. 2:24-CV-4016
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TO DEFENDANTS' MOTION TO DISMISS

1  military, the Department of Defense (hereinafter referred to as "DoD") opened
2  remaining combat positions to women in 2013. *Since 2015, there are no longer any*
3  *positions in the armed services that are closed to women.*
4      A Congressional Study recommended that Congress update the Military Selective
5  Service Act (hereinafter referred to as "MSSA" or the "Act") to allow women to
6  register too, further advising Congress that to do so would increase military
7  preparedness as well as *promote fairness* in the military. Then Chairman of the Senate
8  Armed Services Committee, Sen. Jack Reed expressed his 'hope' that a gender-neutral
9  registration requirement would be incorporated into the next national defense bill. Tr.
10 Of Hearing on Final Recommendations and Report of the [NCMNPS] before the
11 Senate Committee on Armed Services, 117th Cong., 1st Sess., 21 (Mar. 11, 2021).
12     On June 7, 2021, when the Supreme Court denied NCFM's Petition for Certiorari in
13 their previous matter, Justice Sotomayor cited the fact that Congress would be
14 considering the issue in its next defense bill. Justice Sotomayor stated, "***But at least for***
15 ***now,*** the Court's longstanding deference to Congress on matters of national defense
16 and military affairs cautions against granting review while Congress actively weighs
17 the issue." (Statement of Justice Sotomayer, Pg. 3, 2021) [emphasis added]. Every year
18 since 2021 when review was denied, Congress authorized the National Defense Act
19 and every year Congress failed to end gender-based registration, which would be a
20 momentous development in equal protection for all citizens. There is no longer any
21 justification for male-only registration as women serve in every role from battleships to
22 fields of combat. More than three years after Justice Sotomayer made the above-
23 referenced statement, Congress has yet to enact gender-neutral registration. Every year

since 2021 when the Supreme Court denied NCFM's Petition for Writ of Certiorari, Congress had the opportunity to act when they passed the annual defense bill and they failed to do so based upon archaic stereotypes of both male and female citizens.

In the present matter, Plaintiffs denounce the obstruction of Congress for their arbitrary inaction in their steadfast failure to follow the recommendations of the commission they funded and abolish male-only registration. Our constitutional jurisprudence revolves in part around the notion of shielding against arbitrary government action. In Congress, a single member often has the political clout to block majorities from voting on important legislation. This type of arbitrary Congressional inaction embodies the necessity for judicial review.

## II.  STANDARD OF REVIEW

***Motion To Dismiss Under FRCP, Rule 12(b)(6)***

FRCP, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[ ] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d

1005, 1014 (9th Cir. 2012); *Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, No. SACV 15–0736-DOC (DFMx) 2016 WL 6892140, at * 2 (C.D. Cal. Nov. 22, 2016).

### III. THIS COURT SHOULD DENY DEFENDANTS' MOTION IN ITS ENTIRETY

This Court can reasonably conclude, as the courts have done before in the previous matter, that Plaintiffs have met their burden stating sufficient facts in their complaint which reasonably infer that these Defendants are liable for the misconduct alleged in the complaint.

Motions to dismiss under Rule 12 (b) (6) are disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The present motion should be denied in its entirety as the passage of time between the previous NCFM action and the present matter have only proved to bolster Plaintiffs' claims. The U.S. Supreme Court did not make a decision on the merits of the previous matter filed by NCFM when it denied Certiorari. Rather, as stated above, Justice Sotomayer stated, *"at least for now"* the Court would defer to Congress. For Plaintiffs to prevail in their opposition, it is not mandated that the Court find that Plaintiffs will ultimately prevail, rather, the Court must decide that Plaintiffs could prove facts in support of their claims that would entitle them to relief. *Hishon v. King Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984).

### A. PLAINTIFFS' CLAIMS ARE NOT FORECLOSED BY ROSTKER

Defendants argue that Plaintiffs failed to state a claim upon which relief can be granted because this Court is bound by Rostker and as such, a dismissal is required. While the courts have given great deference to Congress over military affairs, the judicial branch of government does not allow Congress to disregard the Constitution simply because the action is related to the military. Rostker specifically holds that Congress must comply with the Constitution in the area of military affairs. *Rostker*, 453 U.S. 67 (1981).

Rostker did not hold that Congress receives blind deference in the area of military affairs. *Rostker*, 453 U.S. at 67.

To prevent tyranny, the U.S. Constitution established three separate but equal branches of government with each branch granted specific powers, limited only by checks and balances in place to avert absolutism by any branch. Congress is tasked with making laws and has been granted great deference by the judiciary related to military affairs. The Court in *Rostker* stated that, *"None of this is to say that Congress is free to disregard the Constitution when it acts in areas of military affairs…Deference does not mean abdication." Rostker*, 453 U.S. at 70.

Further, the facts and circumstances have drastically changed since Rostker was decided in 1981, when women were still barred from combat. Subsequently, in the early 1990s, Congress repealed the statutory bans on women serving on combat aircraft and ships. Pub. L. No. 103–160, § 541, 107 Stat. 1547, 1659 (1993), repealing 10 U.S.C. § 6015 (1988) (ships), Pub. L. No. 102-No. 19–202723 190, § 531, 105 Stat.

1290, 1365 (1991) (aircraft). In 2013, the Department of Defense ("DoD") announced its intention to open all remaining combat positions to women, the last of which it opened in 2016. Plaintiffs statement of facts drastically differ from those in Rostker.

The rationale behind *Rostker* is therefore obsolete as women in the military serve in every capacity from the fields of combat, in aircraft, at sea and four-star generals.

### B. The Complaint sufficiently states the injuries suffered by the individual plaintiffs McNamara, McKiernan, Milillo, Mendiola, and Falcon

Defendants' arguments have been previously rejected. Defendants restate the same or very similar arguments that the individual plaintiffs lack standing because they have not suffered an injury. Article III of the U.S. Constitution mandates that a plaintiff must have standing in order for the court to have jurisdiction. *Friends, of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180, 120 S. Ct. 693 (2000). The individual plaintiffs in this matter assert that they have been harmed because they were required to register for the draft while their same aged female citizens were not required to register. Their whereabouts must be repeatedly reported to the government to remain in compliance with the Act. If these individual plaintiffs fail to remain in compliance with the draft requirements, he can face harsh penalties, some of which may last a lifetime. Failure to register is a felony punishable by a fine of up to $250,000 and/or five (5) years imprisonment. These penalties are not limited to the individual who fails to register and may extend to a person who knowingly counsels, aids, or abets another to fail to comply with the registration requirement; these facts are clearly stated

in the complaint. The complaint also states that the benefits that can be denied to the individual plaintiffs include eligibility for most federal employment, some state employment, security clearance for contractors, and job training under the Workforce Innovation and Opportunity Act. If the denial of the benefit occurs after one of the plaintiffs turns twenty-six, there is no possibility to cure his non-compliance and he will be denied significant government benefits for life. As stated in the complaint, California is considering tethering receiving a driver's license to registration, which includes renewal of a California Identification Card and renewal of a California Driver License. These individual plaintiffs can also be imprisoned for failure to comply with the draft requirements. While there has not been a conscription in almost 50 years, in light of the current state of world affairs, the possibility looms closer than ever before; escalating Plaintiffs injury. Defendants' argument that these five plaintiffs have not suffered an injury is unsupported by the reality of the life of draft-aged young men who may lose meaningful government benefits, life, limb, or liberty and be subject to astronomical fines or jail time for failure to comply and remain in compliance. These facts are sufficient to establish injury.

Sex discrimination is injurious in and of itself. Limiting registration to men is based upon antiquated stereotypes of the capacity of women to serve and fully participate in military and civic life; and equally archaic and compartmentalized views that men lack the ability to remain at home as caretakers. The ban assumes women are unsuitable for military service notwithstanding their own individual abilities and predispositions. "Legislative classifications that distribute benefits and burdens on the basis of gender carry the "baggage of sexual stereotypes." *Orr v. Orr*, 440 U.S. 268, 283 (1979). The

1  limitation on registration to male citizens sanctifies these biases and encapsulates them
2  in federal law. The Act only serves to enshrine negative gender-based stereotypes of
3  both male and female citizens and impedes female citizens full participation in civic
4  life while endangering the lives of young men, jeopardizing their freedom, disturbing
5  their peace of mind.
6      Finally, the *Rostker* plaintiffs were registered with the Selective Service and the
7  District Court found that the Rostker plaintiffs suffered an injury because they were
8  "subject to registration for the draft and subsequent induction into the armed services,"
9  which rendered the plaintiffs injured as a matter of law. The District Court in *Rostker*
10 stated that the harm to plaintiffs is neither remote nor hypothetical. The court further
11 stated that those plaintiffs who already registered are subject to potential
12 reclassification and induction into the armed services. *Goldberg v. Rostker*, 509 F.
13 Supp. 586, 590–591 (E.D. Pa. 1980). This ruling has never been overturned.

### C. NCFM Has Organizational Standing

16 "It is well-established that an association has Article III standing to bring a suit on
17 behalf of its members when (a) its members would otherwise have standing to sue in
18 their own right; (b) the interests it seeks to protect are germane to the organization's
19 purpose; and (c) neither the claim asserted nor the relief requested requires the
20 participation of individual members of the lawsuit.'" *Funeral Consumers All., Inc. v.*
21 *Serv. Corp. Int'l*, 695 F.3d 330, 343 (5th Cir. 2012) (quoting *Hunt v. Washington Apple*
22 *Adver. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434 (1977))).

1	Plaintiff NCFM is a not-for-profit, 501(c)(3) education and civil rights corporation.
2	NCFM is committed to ending harmful discrimination and stereotypes against boys,
3	men, and their families. NCFM philosophically believes that the root causes of
4	"gendered oppression" are gender roles, which developed for various reasons but were
5	then enforced by law in an unfair way on both sexes. These laws discriminate against
6	all genders, in differing ways.
7	NCFM has associational standing because some NCFM members, including
8	MCNAMARA, MCKIERNAN, MILILLO, MENDIOLA, and FALCON, would
9	otherwise have standing to sue in their own right. The interests NCFM seeks to protect
10	are germane to NCFM's purpose and neither the claim asserted, nor the relief
11	requested, requires the participation of individual NCFM members in this lawsuit.
12	Further, some of NCFM's members are males ages 18–26 or who will be age 18–26
13	at some time relative to this lawsuit. The relief this action seeks is germane to the age-
14	appropriate members of NCFM who are harmed by or subject to discrimination on the
15	basis of sex from the male-only registration requirements. They are United States
16	citizens, who are not members of the military, students at military academies, or
17	otherwise exempt from the draft. Most importantly, these members of NCFM support
18	equal treatment of all sexes.
19	Some NCFM's members have or are likely to have male children or other loved
20	ones who presently meet or will meet the criteria for registration upon reaching their
21	18th birthday. All of these facts related to the vision, purpose, and individual members
22	of NCFM, all of which are stated in great detail in the complaint. Defendants' argument
23	that NCFM has failed to allege that a single member has standing is simply untrue.

The individual plaintiffs in this matter are all also members of NCFM and have standing to sue in their own right. It is obvious by the prolific published opinions generated by litigation where NCFM was a plaintiff all related to ending discrimination on the basis of sex, that this matter is germane to the purpose and vision of NCFM. Finally, while the claims asserted in the present matter are asserted by individual members of NCFM, NCFM still has organizational standing because the claims asserted and the relief requested does not require the individual participating of its members.

## IV.  CONCLUSION

Plaintiffs have satisfied its pleading standard for a claim for relief. The individual plaintiffs along with NCFM as an organizational plaintiff have standing in this matter and the Rostker holding is obsolete in the modern era of women serving in combat roles in the military. Based upon the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion in its entirety.

In the alternative, and in the event this Court is inclined to grant the Defendants' Motion, Plaintiffs respectfully request leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (FRCP, Rule 12(b)(6) dismissal with prejudice proper only in "extraordinary" cases).. Under FRCP, Rule 15(a), at least one opportunity to amend is appropriate before a District Court dismisses an action with prejudice. *Nat'l Council of La Raza v. Chegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).

|  | NADINE LEWIS, ATTORNEY AT LAW |
|---|---|
|  | Respectfully submitted, |
| Dated: August 23, 2024 | By: /s/ Nadine Lewis, Esq. |
|  | Nadine Lewis, Esq. |
|  | Attorney for Plaintiffs, NATIONAL COALITION FOR MEN, TYLER MCNAMARA, CONOR MCKIERNAN, NICHOLAS MILILLO, NICOLAS MENDIOLA, and JORDAN FALCON |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for NATIONAL COALITION FOR MEN, TYLER MCNAMARA, CONOR MCKIERNAN, NICHOLAS MILILLO, NICOLAS MENDIOLA, and JORDAN FALCON certifies that this Memorandum of Points and Authorities contains **2,600** words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: August 23, 2024     By: /s/ Nadine Lewis

Attorney for Plaintiffs, NATIONAL COALITION FOR MEN, TYLER MCNAMARA, CONOR MCKIERNAN, NICHOLAS MILILLO, NICOLAS MENDIOLA, and JORDAN FALCON

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I caused the **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will then send a notification of such filing to counsel of record in this action.

Respectfully submitted,

Dated: August 23, 2024    By: /s/ Nadine Lewis

Attorney for Plaintiffs, NATIONAL COALITION FOR MEN, TYLER MCNAMARA, CONOR MCKIERNAN, NICHOLAS MILILLO, NICOLAS MENDIOLA, and JORDAN FALCON

17

CASE NO. 2:24-CV-4016
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TO DEFENDANTS' MOTION TO DISMISS