BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
LAUREN A. WETZLER
Deputy Director
MICHAEL J. GERARDI (DC Bar No. 1017949)
ANDREW E. CARMICHAEL
Senior Trial Counsel
ANDREW J. RISING
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Rm #12002
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL COALITION FOR MEN, *et al.*,<br><br>          *Plaintiffs*,<br><br>     v.<br><br>SELECTIVE SERVICE SYSTEM, *et al.*,<br><br>          *Defendants*. | CASE NO. 2:24-CV-4016<br><br>**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Honorable André Birrotte<br>**United States District Judge** |

**INTRODUCTION**

Defendants' motion to dismiss the complaint, ECF No. 16 ("MTD"), demonstrated that this case should be dismissed for two independent reasons. First, Plaintiffs lack Article III standing to bring this lawsuit because the members of NCFM identified in the complaint have all registered for Selective Service and suffer no imminent real-world consequences from the Military Selective Service Act ("MSSA"). Second, Plaintiffs' claim is foreclosed by a binding Supreme Court decision that the Supreme Court itself declined to reconsider just three years ago. Plaintiffs' opposition brief, ECF No. 18 ("Pls.' Br."), offers no compelling response to either argument. Accordingly, the Court should grant Defendants' motion pursuant to either Rule 12(b)(1) or 12(b)(6), and dismiss the complaint.

## I.    Plaintiffs Lack Standing

Defendants argued in their opening brief that the allegations in the complaint do not give rise to Article III standing. MTD 7-12. Plaintiffs, for the most part, do not respond to Defendants' arguments that decisions in the prior *NCFM* litigation, which found that such individuals have standing, were not correctly decided. Their efforts to otherwise defend their standing miss the mark, as well.

Plaintiffs assert that the individual men named in the complaint were "harmed because they were required to register for the draft while their same aged female citizens were not required to register." Pls.' Br. 10. But this is not a case about men who have failed to register for Selective Service, or who are considering what to do when they turn eighteen and are required to register for Selective Service. Rather, Plaintiffs have already registered for Selective Service, Compl. ¶¶ 27-31, and do not allege that they are imminently taking any actions that would give rise to any sort of legal consequences under the MSSA, such as changing their address.

That distinction is important when analyzing Plaintiffs' arguments. Plaintiffs' brief focuses almost entirely on the potential consequences of not registering for the draft, such as criminal prosecution and denial of eligibility for federal employment

and benefits. Pls.' Resp. 10-11. But Plaintiffs are not subject to such consequences because they chose to register for Selective Service. The only alleged duty that would even potentially apply to these Plaintiffs is the obligation to notify Selective Service of address changes. But no Plaintiff alleges that he imminently intends to take any steps triggering this requirement. Even if he had, changing a registrant's address requires the completion of a simple form akin to the one Plaintiffs already completed when they registered for Selective Service, and the individual Plaintiffs fail to allege that this "relatively trivial" burden gives rise to "any real-world consequences" for them. *See Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 643 (9th Cir. 2020) (no injury-in-fact arising from plaintiff's allegation that a one-word change in her employer's name on her paycheck caused her confusion).

In the absence of a genuine injury-in-fact, Plaintiffs revert to the argument that "[s]ex discrimination is injurious in and of itself." Pls.' Br. 11. But the Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with the law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984). *Orr v. Orr*, 440 U.S. 268 (1979), which Plaintiffs cite, is not to the contrary. The law at issue in that case imposed a financial obligation on the plaintiff that he refused to pay. *Id.* at 273. By contrast, Plaintiffs, having fulfilled their obligation to register, cannot point to any way in which they are materially being harmed by the MSSA that is remotely analogous to the alimony payments at issue in *Orr*.

Plaintiffs also argue that the district court ruling preceding the Supreme Court's *Rostker* decision, *Goldberg v. Rostker*, 509 F. Supp. 586 (E.D. Pa. 1980), *rev'd*, 453 U.S. 57 (1981), concluded that registered individuals had standing to challenge the requirement. *Goldberg*, 509 F. Supp. at 591. That ruling does not bind this Court. "[S]tanding was neither challenged nor discussed" in the Supreme Court litigation over *Rostker*, and "the existence of unaddressed jurisdictional defects has no precedential effect." *Lewis v. Casey*, 518 U.S. 343, 353 n.2 (1996); *United States*

1  *v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) ("[T]his Court is not bound
2  by a prior exercise of jurisdiction in a case where it was not questioned and it was
3  passed sub silentio."); *see also* Bryan A. Garner *et al.*, THE LAW OF JUDICIAL
4  PRECEDENT 121 (2016) ("[A] ruling on the merits of a case in which the court's
5  jurisdiction wasn't challenged or assumed doesn't constitute precedent on the
6  question whether the court has jurisdiction over the case.").

7        Nor is the *Rostker* district court ruling persuasive today. That ruling was issued
8  in July 1980, the same month that the federal government resumed Selective Service
9  registration, after it had been suspended for over five years, in response to the
10  USSR's invasion of Afghanistan. *See* Selective Service Sys., *Vietnam Lotteries*
11  *Page*,  https://www.sss.gov/history-and-records/vietnam-lotteries/  (last accessed
12  Sept. 13, 2024); National Archives & Records Admin*., Selective Service Records*,
13  https://www.archives.gov/st-louis/selective-service (last accessed Sept. 13, 2024)*.*
14  Registration has now been in place for forty-four years, but no man has actually been
15  conscripted into the armed forces in over fifty years. *Vietnam Lotteries Page*.
16  Plaintiffs acknowledge this, but nonetheless speculate that "the possibility [of
17  conscription] looms closer than ever before" given "the current state of world
18  affairs." Pls.' Br. 11. Such speculation about events that are outside the control of
19  not just Selective Service, but the government as a whole, is well short of what
20  Article III requires. Decades of Supreme Court cases decided since *Rostker* have
21  reaffirmed that an injury must not be merely likely, but "certainly impending," for
22  purposes of standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)
23  (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Plaintiffs' injuries fall
24  well short of that standard.

25        This Court's inquiry into standing must be "rigorous" when a Plaintiff
26  challenges the constitutionality of a federal statute, *Raines v. Byrd*, 521 U.S. 811,
27  819-20 (1997), in order to prevent the Court from exercising "general legal oversight
28  of the other branches of Government," *Murthy v. Missouri*, 144 S. Ct. 1972, 1996

(2024) (cleaned up). As such, the lack of any meaningful consequences on Plaintiffs arising from the MSSA precludes their ability to challenge that statute here. *See Bassett v. ABM Parking Servs.*, 883 F.3d 776, 783 (9th Cir. 2018) (no injury-in-fact where plaintiff failed to allege any real-world consequences arising from a procedural statutory violation).

Plaintiffs' failure to identify any members of NCFM that have standing also dooms NCFM's efforts to claim organizational standing. Plaintiffs' claims that NCFM has members who are required to register with Selective Service, and that "members have or are likely to have male children or other loved ones who presently meet or will meet the criteria," Pls.' Br. 13, do not satisfy their obligation "to make *specific* allegations establishing that at least one identified member had suffered or would suffer harm" from the requirements of the MSSA. *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). Because no such allegations exist here, no Plaintiff has standing, and this case should be dismissed pursuant to Rule 12(b)(1).

## II.     Plaintiffs' Claim Is Foreclosed By *Rostker*

Plaintiffs' core argument that the MSSA violates the equal protection component of the Fifth Amendment's Due Process Clause because it requires men to register but not women is foreclosed by the Supreme Court's decision in *Rostker v. Goldberg*. The Supreme Court's ruling is clear: "Congress' decision to authorize the registration of only men [] does not violate the Due Process Clause." *Rostker v. Goldberg*, 453 U.S. 57, 78-79 (1981). And it is equally clear that "only [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (per curiam). That is true even if a litigant believes the precedent at issue is "old and crumbling" due to intervening changes in the law and facts. THE LAW OF JUDICIAL PRECEDENT 29. Plaintiffs now bring *the exact same claim* (a Fifth Amendment claim) against *the exact same federal statute* (50 U.S.C. § 3802(a)) under *the exact same legal theory* (denial of equal protection on the basis of sex) that the Supreme Court passed upon in *Rostker* and declined to

revisit just three years ago.  Because this Court is bound by *Rostker*, the complaint should be dismissed.

Resisting controlling precedent, Plaintiffs argue that "[t]he rationale behind *Rostker* is [] obsolete" because "facts and circumstance have drastically changed since *Rostker* was decided in 1981, when women were still barred from combat." Pls.' Br. at 9-10.  But it is of no moment that "Plaintiffs['] statement of facts drastically differ from those in *Rostker*." *Id.* .  Supreme Court precedents are binding on lower courts even in the face of arguments that those precedents have been overtaken by factual changes.  *See State Oil Co. v. Khan*, 522 U.S. 3, 20-21 (1997) (explaining that lower courts were bound by a prior Supreme Court case, even though changes in economic realities had undermined that prior decision); *Rodriguez de Quijas v. Shearson/American Express Inc.,* 490 U.S. 477, 484 (1989).  Circuit court decisions passing on the MSSA have all reached the same conclusion, even where plaintiffs firmly believe that the *reasons* the Supreme Court gave in *Rostker* were no longer valid ones.  *See Elgin v. U.S. Dep't of Treasury*, 641 F.3d 6, 22-24 (1st Cir. 2011) (Stahl, J., concurring) (recognizing that *Rostker* is controlling precedent, even in the face of a Fifth Amendment challenge to the registration requirement that invoked "dramatic changes in the roles of women in the military" since *Rostker* was decided), *aff'd on other grounds*, 567 U.S. 1 (2012); *Nat'l Coal. for Men v. Selective Serv. Sys.*, 969 F.3d 546, 549-50 (5th Cir. 2020) ("Here . . . the factual underpinning of the controlling Supreme Court decision has changed, but that does not grant a court of appeals license to disregard or overrule that precedent. . . . *Rostker* forecloses Plaintiffs-Appellees'" Fifth Amendment challenge to the MSSA) (citation omitted).

The Supreme Court's denial of certiorari in the prior *NCFM* case just three years ago should put any lingering doubts about this question to rest.  All of the changed "facts and circumstances" alleged in Plaintiffs' complaint were equally true in 2021, when the Court was presented with an opportunity to reconsider and potentially overrule or modify *Rostker* on the same grounds raised here, by the same

organization. Pls.' Br. at 9-10 ("In 2013, [DoD] announced its intention to open all remaining combat positions to women, the last of which it opened in 2016."). The Supreme Court declined to do so. *Nat'l Coal. For Men v. Selective Serv. Sys.,* 141 S. Ct. 1815 (2021). Their decision to deny review, with no noted dissents, makes clear that Congress, not the courts, should address this question. The three-justice statement accompanying the denial of certiorari further explained that while "the role of women in the military has changed dramatically since [*Rostker*]," the Court's "longstanding deference to Congress on matters of national defense and military affairs cautions against granting review while Congress actively weighs the issue." *Id.* (Sotomayor, J., statement respecting the denial of certiorari). As Defendants' opening brief explained, Congress continues to actively weigh this issue. MTD at 4-5 & nn. 1-3. While Plaintiffs may be dissatisfied with the Court's deference to Congress and the nature of the political process, *see* Pls.' Br. at 7, it remains "the prerogative of [the Supreme Court to] overrul[e] its own decisions," *Rodriguez de Quijas*, 490 U.S. at 484, and this Court would usurp that prerogative if it were to accept Plaintiffs' invitation to overrule *Rostker* when the Supreme Court squarely declined to do so just three years ago.

***

### CONCLUSION

For these reasons, and the reasons stated in Defendants' initial brief, the Court should grant Defendants' motion and dismiss this case.

Dated: September 13, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LAUREN A. WETZLER
Deputy Director

*/s/Michael J. Gerardi*

MICHAEL J. GERARDI (DC Bar No. 1017949)
ANDREW E. CARMICHAEL
Senior Trial Counsel
ANDREW J. RISING
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Rm #12002
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov

*Counsel for Defendants*