JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COALITION FOR MEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE SERVICE SYSTEM, et al., <br><br> Defendants. | Case No. CV-24-4016 AB <br><br> **ORDER GRANTING MOTION TO DISMISS [DKT. NO. 16]** |

Before the Court is a Motion to Dismiss ("Motion," Dkt. No. 16-1) filed by the Selective Service System ("Selective Service") and Joel C. Spangenberg ("Spangenberg") in his official capacity as Acting Director of the Selective Service (collectively, "Defendants"). Plaintiffs National Coalition for Men ("NCFM") and individual NCFM members Tyler McNamara, Conor McKiernan, Nicholas Milillo, Nicolas Mendiola, and Jordan Falcon (the "Individual Plaintiffs") (collectively, "Plaintiffs") opposed the Motion and Defendants replied. The Court finds this matter appropriate for decision without oral argument, and the hearing set for November 22, 2024, is **VACATED**. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **DENIES** Defendants' Rule 12(b)(1) Motion and **GRANTS** Defendants' Rule 12(b)(6) Motion.

## I. BACKGROUND

### A. Factual Background

This is a case about the constitutionality of the Military Selective Service Act's (the "Act") requirement that male citizens and immigrants between the ages of eighteen and twenty-six register with the Selective Service to facilitate their conscription in the event of a military draft. (Compl. ¶ 1, Dkt. 1.) Under the Act, men are required by law to register within thirty days of their 18th birthdays and have a continuing obligation to notify the Selective Service within ten days of any changes to the information they provided on their registration cards, such as a change of address. (*Id*. ¶ 32.) Failure to register is a felony punishable by a fine of up to $250,000 and/or five (5) years imprisonment. (*Id*. ¶ 3.) Young men who fail to register may also be ineligible for certain federal and state employment and job training under the Workforce Innovation and Opportunity Act. (*Id*.) The Act does not require any females of draft-age to register. (*Id*. ¶¶ 2, 62.)

Plaintiffs allege that the Act's requirement that only men—and not women—register with the Selective Service discriminates against men on the basis of sex and thus violates the U.S. Constitution's Fifth Amendment Equal Protection and Due Process Clauses. (*Id*. ¶¶ 7, 9, 16, 60–64.) Plaintiffs seek declaratory and injunctive relief compelling the Selective Service "to end discrimination on the basis of sex in its military draft registration program and to treat all sexes equally within the Selective Service System." (*Id*. at 2, Prayer for Relief.)

### B. Previous Related Litigation

Plaintiffs' legal theory that the Act's requirement that only males must register with the Selective Service violates the Fifth Amendment's Equal Protection Clause has been raised multiple times in federal court. (*See Id*. ¶¶ 10, 37–39, 47, 51.) In 1981, the Supreme Court held in *Rostker v. Goldberg*, 453 U.S. 57 (1981) that the male-only registration requirement did not violate the Fifth Amendment's Due Process Clause, reasoning that because women were (at that time) excluded from combat, men and

women were not similarly situated. *Id.* at 78–79.

In 2013, the NCFM and its individual members brought in the Central District of California an action similar to the one presently before this Court. In that case, the Court held that NCFM and its members had standing to sue but transferred the case to the Southern District of Texas where venue was proper. *See Nat'l Coal. for Men v. Selective Serv. Sys.*, 2016 WL 11605246, at *2–3 (C.D. Cal. Nov. 9, 2016). The case was transferred to the Southern District of Texas, which subsequently confirmed that NCFM and its members had standing to sue, *Nat'l Coal. for Men v. Selective Serv. Sys.*, 2018 WL 1694906, at *3 (S.D. Tex. Apr. 6, 2018), and granted NCFM's motion for summary judgment on the basis that because women were permitted to serve in combat roles, *Rostker* no longer controlled. *Nat'l Coal. for Men v. Selective Serv. Sys.*, 355 F. Supp. 3d 568, 582 (S.D. Tex. 2019). On appeal, the Fifth Circuit reversed and dismissed NCFM's claim, finding *Rostker* still controlled despite changes to the opinion's factual underpinnings because it is the "[Supreme] Court's prerogative alone to overrule one of its precedents." *Nat'l Coal. for Men v. Selective Serv. Sys.*, 969 F.3d 546, 549 (5th Cir. 2020) (internal quotation marks omitted). Plaintiffs subsequently filed a petition for certiorari to the U.S. Supreme Court, which the Supreme Court denied. *Nat'l Coal. for Men v. Selective Serv. Sys.*, 141 S. Ct. 1815 (2021) (mem.). Justice Sotomayor issued a statement with the Supreme Court's denial, saying that it should not "overrule *Rostker*" while Congress, the primary governing body for deciding on matters of national defense and military affairs, was concurrently considering whether to end gender-based registration. *Id*. at 1816.

### C. Procedural History

On May 14, 2024, Plaintiffs filed the Complaint. (Compl.) On August 2, 2024, Defendants moved to dismiss Plaintiffs' action under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. (*See generally* Mot.) On August 23, 2024, Plaintiffs opposed. (Opp'n, Dkt 18.) On September 13, 2024, Defendants replied. (Reply, Dkt 19.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Challenge to Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "assume[s] [plaintiff's factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). But, as with a Rule 12(b)(6) motion, courts do not accept the truth of any legal conclusions contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable

legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

### III.  DISCUSSION

Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) on the grounds that Plaintiffs lack Article III standing and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted in light of the Supreme Court's decision in *Rostker*, 453 U.S. 57 (1981). (Mot. at 1.)

The Court will first address Defendants' Rule 12(b)(1) subject matter jurisdiction challenge before it considers Defendants' motion under Rule 12(b)(6) for dismissal on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (cleaned up); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

#### A.  Plaintiffs Have Standing to Pursue Their Claims.

Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiffs fail to establish they have Article III standing. (Mot. at 7.) Defendants contend that Plaintiffs fail to allege that the Individual Plaintiffs suffered a "concrete" injury, one of the required elements for showing Article III standing. (*Id*. at 8.) Defendants further argue that because the Individual Plaintiffs lack standing, the NCFM lacks associational standing. (*Id*. at 12.)

### 1. Legal Standard For Standing

Under Article III, § 2, of the Constitution, federal courts only have jurisdiction over a dispute if it is a "case" or "controversy." *Murthy v. Missouri*, 144 S. Ct. 1972, 1985 (2024). An element of the "case-or-controversy requirement is that [Plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* at 181.

### 2. The Individual Plaintiffs Have Standing.

Defendants only dispute Individual Plaintiffs' ability to allege the first element of Article III standing, that they have suffered an injury in fact. (Mot. at 7–12.) The Court interprets this as a facial challenge to Plaintiffs' standing because Defendants appear to accept the Plaintiffs' factual allegations as true but contend that as a matter of law, Plaintiffs fail to allege that they have or will suffer an injury.

When a challenged government action imposes an affirmative obligation on the plaintiff, that obligation may constitute a sufficient injury for Article III standing. *See Nat. Res. Def. Council, Inc. v. United States Env't Prot. Agency*, 383 F. Supp. 3d 1, 10 (D.D.C. 2019) (finding EPA's ten-day deadline for responding to its requests for clarification placed a burden on NRDC that constituted an injury in fact); *Doe v. Cnty. of Montgomery, Ill.*, 41 F.3d 1156, 1159 (7th Cir. 1994) (holding plaintiffs had

suffered an "injury in fact" because the County required them to "come into direct and unwelcome contact with [a religious sign at a courthouse] in order to fully participate as citizens of the County and to fulfill certain legal obligations"); *United States v. Students Challenging Regul. Agency Procs. (SCRAP)*, 412 U.S. 669, 690 n. 14 (1973) ("An identifiable trifle is enough for standing.")

Plaintiffs allege the Individual Plaintiffs were injured because the Act required them to register with the Selective Service and they are under a continuing obligation to promptly notify the Selective Service of any changes to their registration information. (Compl. ¶ 62; Opp'n at 10.) These obligations on Individual Plaintiffs are sufficient to establish an injury in fact sufficient for Article III standing. *See E. Texas Baptist Univ. v. Sebelius*, 988 F. Supp. 2d 743, 758–59 (S.D. Tex. 2013) (finding plaintiff alleged an injury where it was required to submit a self-certification form to claim a religious exemption from providing contraceptive coverage to its employees), *rev'd on other grounds sub nom. E. Tex. Baptist Univ. v. Burwell*, 793 F.3d 449 (5th Cir. 2015), *vacated on other grounds sub nom. Zubik v. Burwell*, 136 S. Ct. 1557 (2016). The Court therefore disagrees with Defendants that Plaintiffs "fail to identify any specific, concrete harm that Plaintiffs have suffered or are suffering as a result of having registered." (Mot. at 10.)

The Court's affirmation of Plaintiffs' standing aligns with the holdings of other federal courts that have also found young men who are required by the Act to register with the Selective Service for the military draft and give notice of changes to their information have standing to challenge the constitutionality of the gender-based registration requirement. *See Nat'l Coal. for Men v. Selective Serv. Sys.*, 2018 WL 1694906, at *3 (S.D. Tex. Apr. 6, 2018); *Nat'l Coal. for Men v. Selective Serv. Sys.*, 2016 WL 11605246, at *2 (C.D. Cal. Nov. 9, 2016); *Goldberg v. Rostker*, 509 F. Supp. 586, 590 (E.D. Pa. 1980) (finding plaintiffs had standing because they "[were] under compulsion of law to present themselves for registration with the Selective Service System") *rev'd on other grounds*, 453 U.S. 57 (1981).

1    Defendants present two other arguments for why Plaintiffs do not establish a
2    sufficient injury for Article III standing: (1) Plaintiffs' allegations that the prospect of
3    being drafted constitutes an injury is too speculative to support standing (Mot. at 8);
4    and (2) Plaintiffs' allegations that the individuals are harmed because sex-based
5    discrimination is unconstitutional does not support standing (*Id*. at 8–9.) Because the
6    Court finds that the Individual Plaintiffs have otherwise alleged a sufficient injury for
7    standing purposes in the Complaint, it need not consider whether these additional
8    allegations from Plaintiff are also sufficient to demonstrate injury.

9    For the foregoing reasons, the Court finds the Individual Plaintiffs have Article
10   III standing.

### 3. The NCFM Has Associational Standing.

12   Defendants' argument that NCFM lacks standing as an association relies on
13   their argument that the individual NCFM members lack standing. (*Id*. at 12.) Because
14   the Court has found that the Individual Plaintiffs do have standing to sue as
15   individuals, the Court rejects Defendant's argument.

16   Because the Court finds NCFM and the Individual Plaintiffs have Article III
17   standing, Defendants' Motion pursuant to Rule 12(b)(1) is **DENIED**.

### B. Plaintiffs' Fifth Amendment Claim is Precluded by *Rostker*.

19   The Court next addresses Defendants' argument that Plaintiffs fail to state a
20   claim because the U.S. Supreme Court's holding in *Rostker* binds this court and
21   requires dismissal. (*Id*. at 12–14.) Defendants further contend that the Supreme
22   Court's recent denial of NCFM's petition for writ of certiorari to review a
23   substantially similar claim reinforces Defendants' position. (*Id*.)

24   In *Rostker*, the U.S. Supreme Court found that the Act's male-only registration
25   requirement did not violate the Fifth Amendment's Equal Protection Clause, citing the
26   fact that women were "excluded from combat" roles and therefore "would not be
27   needed in the event of a draft." *Rostker*, 453 U.S. at 77. Plaintiffs allege that *Rostker*
28   no longer controls because the rationale for the Supreme Court's holding in that

1  case—that women were excluded from combat positions and thus were not similarly
2  situated to men—no longer exists. (Compl. ¶ 15.) In 2013, under the Obama
3  administration, the Secretary of Defense and the Chairman of the Joint Chiefs of Staff
4  issued a memorandum overturning a 1994 ban on women in combat and directing the
5  military to integrate women into combat positions "as expeditiously as possible" and
6  no later than January 1, 2016. (*Id.* ¶¶ 11–12.) As Defendants point out, however, the
7  Supreme Court has not overturned its *Rostker* holding and thus that opinion is still
8  binding law. (Mot. at 13–14.) This Court agrees. Though "the factual underpinning of
9  the controlling Supreme Court decision has changed," that does not grant this Court
10 "license to disregard or overrule that precedent." *Nat'l Coal. for Men v. Selective Serv.*
11 *Sys.*, 969 F.3d 546, 549 (5th Cir. 2020); *see also Agostini v. Felton*, 521 U.S. 203, 237
12 (1997) ("We reaffirm that if a precedent of this Court has direct application in a case,
13 yet appears to rest on reasons rejected in some other line of decisions, the Court of
14 Appeals should follow the case which directly controls, leaving to this Court the
15 prerogative of overruling its own decisions.") (cleaned up).
16         More recently, the Supreme Court declined to review NCFM's petition for writ
17 of certiorari after the Fifth Circuit dismissed a similar challenge to the male-only
18 registration requirement's constitutionality. *Nat'l Coal. for Men v. Selective Serv. Sys.*,
19 141 S. Ct. 1815 (2021) (mem.). Justice Sotomayor issued a statement with the denial
20 explaining that though all military positions were now open to women, the Court
21 should not "overrule *Rostker*" because Congress was, at that time, considering
22 whether to incorporate "a gender neutral registration requirement" into the subsequent
23 national defense bill following the issuance of a National Commission on Military,
24 National, and Public Service report recommending the elimination of male-only
25 registration. *Id.* at 1816. Justice Sotomayor's characterization of NCFM's petition for
26 writ of certiorari as a request for the Supreme Court to "overrule *Rostker*" indicates
27 that *Rostker* directly applies to and controls in the present case.
28         Defendants argue—and the Court agrees—that *Rostker* remains binding

9.

precedent. For this reason, the Court **GRANTS** Defendants' Motion pursuant to Rule 12(b)(6). Because no amendment can overcome this bar, the Motion is granted and the case is **DISMISSED** with prejudice.

## IV.   CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is **<u>DENIED</u>** and Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is **<u>GRANTED</u>** without leave to amend. This action is **<u>DISMISSED</u>** with prejudice.

Defendants are **ORDERED** to file a Proposed Judgment within 5 days of this Order. Plaintiffs will have 5 days thereafter to object as to form.

**IT IS SO ORDERED.**

Dated: November 20, 2024

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

10.